IN THE CIRCUIT COURT FOR ALLEGANY COUNTY, MARYLAND

| | |
|---|---|
| CHRISTOPHER E. HOWELL<br>    215 Schley Street<br>    Cumberland, MD 21502<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE WASTE SERVICES<br>HOLDING COMPANY, INC.<br>    500 N. Franklin Turnpike, #212<br>    Ramsey, NJ 07446<br><br>Defendant. | Case No.: C-11-35236 -L<br><br>MJG11CV1099 |

## COMPLAINT

NOW COMES, CHRISTOPHER E. HOWELL, Plaintiff, by and through Stephen C. Wilkinson and Stephen C. Wilkinson, LLC, a law firm, his attorneys, and respectfully represents unto the Court as follows:

1. Plaintiff is a resident of Allegany County, Maryland.

2. Interstate Waste Services Holding Company, Inc., is a Delaware corporation regularly conducting business in the State of Maryland and in Allegany County.

3. On or about July 1, 2010, Howell and Interstate entered into an Employment Agreement for a term of five (5) years. The contract was entered into in Allegany County, Maryland; and, pursuant to the contract, Howell was to provide services for and on behalf of Interstate in Allegany County, Maryland.

4. Under Section 8 of that Agreement, Interstate had the ability to terminate Howell at any time. Such termination, however, must be "for cause" or "without cause". Under Section 8(b) of the Agreement, "cause" was defined to be: (i) the employee's continued material breach

of his duties under this Agreement (other than as a result of the total or partial incapacity due to physical or mental illness), which is not cured within twenty (20) days after employer's written notice to employee thereof; (ii) dishonesty in the performance of employee's duties under this Agreement as determined by the Board in good faith; (iii) an act or acts on employee's part constituting a felony or constituting any crime involving moral turpitude or dishonesty under the laws of the United States or any state thereof; or (iv) any grossly negligent or willful act or omission which is materially injurious to the financial condition or business of employer.

5. Under the terms of the Agreement, if the termination was without cause, Howell was to receive (i) severance in the amount equal to his base salary for the remainder of the term; and (ii) all reimbursable expenses and benefits owing to him through the date of the termination of the employee's employment. The severance payments were to be paid to Howell in accordance with the normal payroll practices of Interstate over the period of the term.

6. On September 2, 2010, Howell was terminated by Interstate.

7. The termination of Howell was without cause as defined in the contract.

8. Interstate has failed, refused, and neglected to pay Howell severance payments in accordance with the terms of the Agreement.

9. Howell's salary at the time of his termination was $64,000.00 per annum.

2

**WHEREFORE**, Howell respectfully requests this Honorable Court might:

1. Award to him a Judgment against Interstate in the amount of his salary due him under the Agreement for the period commencing September 2, 2010, to the date that the Judgment is entered;

2. Enjoin and require the Defendant to honor the terms of its Agreement directing Interstate to continue to pay Howell in accordance with the Agreement for the balance of the term;

3. Assess all costs of this proceeding against Interstate; and

4. Grant such other and further relief as the nature of the cause might require.

*[signature]*
CHRISTOPHER E. HOWELL

Respectfully submitted,

STEPHEN C. WILKINSON, LLC

By: *[signature]*
Stephen C. Wilkinson, Esq.
220 Washington Street
P.O. Box 1379
Cumberland, MD 21501-1379
Phone: (301) 722-2515

TRUE COPY TEST:
_____ Clerk